speeding in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law, was sustained by clear and convincing evidence and revoked petitioner's license pursuant to section 510 (subd 2, par a, cl [iv]) of the Vehicle and Traffic Law. The proceeding was transferred to this court pursuant to CPLR 7804 (subd [g]). The determination is supported by substantial evidence and must be confirmed (see *Matter of McKenzie v Fisher,* 39 NY2d 103). The evidence consisted of radar readings obtained from a unit tested by internal calibration and a tuning fork device, the testimony of the arresting officer who estimated petitioner's speed and proof of petitioner's defective speedometer. The officer had ample experience estimating speed and had been accurate to within four to five miles per hour; his testimony, coupled with the radar reading, was sufficient to sustain the charge that petitioner was exceeding the speed limit of 30 miles per hour by approximately 20 miles per hour (see *People v Dusing,* 5 NY2d 126; *People v Olsen,* 22 NY2d 230; *Matter of Sulli v Appeals Bd. of Administrative Adjudication Bur.,* 55 AD2d 457). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Smith, J.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ WARREN W. SCOTT AND SON, Appellant, v AMERICAN BUILDINGS COMPANY, Respondent. (Appeal No. 1.) — Appeal dismissed as academic. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — dismissal of complaint and summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ WARREN W. SCOTT AND SON, Appellant, v AMERICAN BUILDINGS COMPANY, Respondent. (Appeal No. 2.) — Appeal dismissed as academic. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — motion to renew.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ WARREN W. SCOTT AND SON, Appellant, v AMERICAN BUILDINGS COMPANY, Respondent. (Appeal No. 3.) — Order unanimously affirmed, without costs. Memorandum: Defendant is a manufacturer of metal buildings. It is undisputed that in 1973 defendant's dealer, a contractor, sold one of defendant's buildings to plaintiff and erected it upon plaintiff's property. This action was commenced on July 24, 1980. Plaintiffs' complaint alleges a breach of express warranty guaranteeing that the roof of the building would not rust or corrode for 20 years. On examination before trial, plaintiff Glenn Scott testified that he first observed that the roof was rusting "in the spring of 1976." Defendant moved for summary judgment upon the ground, *inter alia,* that the action was barred by the Statute of Limitations (see Uniform Commercial Code, § 2-725, subds [1], [2]). In opposition to the motion, plaintiffs offered no proof of the specific date in 1976 when the defect in the roof was first discovered. By order entered July 1, 1982, Special Term granted summary judgment dismissing the complaint. On two successive motions to renew, the only showing made by plaintiffs bearing upon the limitations issue was contained in an affidavit by plaintiff Glenn Scott in which he stated: "It is submitted that the first notice your deponent had of the pin holes developing in the roofing panels was in the summer of 1976 and may have been in the fall of 1976 as far as I can recall." Although both motions to renew were granted, Special Term, by orders entered November 17, 1982, affirmed its original decision and order. Plaintiffs appeal, and we affirm. Even assuming that defendant expressly warranted to plaintiffs the future performance of the roof panels, the cause of action accrued upon plaintiffs' discovery of the breach of warranty (Uniform Commercial Code, § 2-725, subd [2]). Plaintiffs were required to commence their action within four years after the cause of action accrued (Uniform Commercial Code, § 2-725, subd [1]). On the original motion,